**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY WARD JACKSON,

     Petitioner,               Civil No. 2:16-CV-13412
                                  HONORABLE GERALD E. ROSEN
v.                         UNITED STATES DISTRICT JUDGE

THOMAS WINN,

     Respondent,
_____/

## OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE.

     Timothy Ward Jackson, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of first-degree criminal sexual conduct pursuant to M.C.L.A. 750.520b(1)(a)(victim less than 13 years of age), and three counts of first-degree criminal sexual conduct pursuant to M.C.L.A. 750.520b(1)(b(iii)(coercion by use of authority).  The Court has reviewed the petition and finds that it contains claims that have not been exhausted with the state courts.  For the reasons stated below, in *lieu* of dismissing the petition, the Court holds the petition in abeyance and stays the proceedings

1

under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice.  The Court will also administratively close the case.

## I.  Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

Petitioner filed an appeal of right in the Michigan Court of Appeals, in which he raised the following grounds:

> I.  The circuit court denied his right to a fair trial by failing to guarantee that he was tried by a jury drawn from a fair cross-section of the community.
>
> II.  The circuit court erred in allowing the introduction of improper character evidence.  In particular, defendant argues that Price's testimony concerning his prior relationship with Newsome constituted inadmissible bad-acts evidence under MRE 404(b).
>
> III.  The prosecution presented insufficient evidence at trial to support his six convictions of CSC-1.
>
> IV.  The jury's verdict was against the great weight of the evidence.

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Jackson*, No. 310177, 2014 WL 1402517 (Mich. Ct. App. Apr. 10, 2014).

Petitioner filed an application for leave to appeal to the Michigan

2

Supreme Court, which was granted.  Petitioner raised the following claims

before the Michigan Supreme Court:

> I.  The Court of Appeals abused its discretion when it affirmed
> that the trial court's admission of "other acts" evidence was
> permissible under the Res Gestae Exception because the
> evidence constituted impermissible character evidence that
> showed only a propensity for committing sex crimes.

> II.  The prosecutor committed blatant misconduct by eliciting
> improper character evidence testimony and by failing to provide
> defense counsel with notice of the prosecutor's intent to use
> 404(b) character evidence, which deprived Mr. Jackson of a fair
> and impartial trial under the Federal and Michigan constitutions.

The Michigan Supreme Court affirmed petitioner's convictions, albeit on

slightly different grounds than the Michigan Court of Appeals had. *People v.

Jackson,* 498 Mich. 246, 869 N.W.2d 253 (2015), *reh'g denied*, 498 Mich.

879, 868 N.W.2d 914 (2015).

Petitioner has now filed a petition for writ of habeas corpus, seeking

habeas relief on the following grounds.  In *lieu* of reciting the claims verbatim,

the Court paraphrases them for judicial clarity:

> I. Petitioner is innocent.  There was no opportunity for defendant
> to commit the crime.   New exculpatory evidence has been
> discovered.

> II. Petitioner was denied a fair trial through ineffective assistance
> of counsel, the admission of irrelevant and improper character
> evidence, and the jury did not represent a fair cross-section of the

3

community.

III. The jury was misled by the prosecutor presenting evidence inaccurately, when he/she stated that DNA was seized from petitioner's office when it was in fact seized from his home. Counsel was ineffective for failing to challenge this fact.

IV. Other acts evidence was improperly admitted pursuant to M.C.L.A. 768.27a when the proponent is describing acts between adults.   Counsel was ineffective for failing to challenge this evidence.

## II.  Discussion

The petition is subject to dismissal, because petitioner has yet to exhaust most of his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas

4

petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F. 3d 155, 160 (6th Cir. 1994).  Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969).

The instant petition is subject to dismissal, because petitioner failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to most of his claims. *See Peralta v. Leavitt,* 56 F. App'x. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).  Petitioner has delineated the issues that he raised on his appeals before the Michigan Court of Appeals and the Michigan Supreme Court.  The Court has reviewed the opinions from these courts and notes that the issues adjudicated by those courts correspond with the issues that

petitioner claims were raised before those courts.  There is no indication from petitioner in his habeas application or from the Michigan appellate court opinions that petitioner raised any claims involving his actual innocence, the withholding of exculpatory evidence by the prosecution, ineffective assistance of counsel, or that the prosecutor misled the jury.  These claims have yet to be exhausted with the state courts.

This Court concludes that several of petitioner's claims have not been exhausted, because they were not fairly presented with the state courts.  A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000).  Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423.  Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of

6

limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. [1]

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F. 3d at 419. Further, petitioner may assert that he did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics." *Rhines*, 544 U.S. at 278.

---

[1] This Court has the discretion to hold the petition in abeyance even though petitioner did not specifically request this Court to do so. *See Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance.  This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of the Court's order and returning to federal court within thirty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano,* 300 F. 3d 717, 718 (6th Cir. 2002).

Petitioner can exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419.  Denial of a motion for relief from judgment is reviewable by the Michigan Court of

8

Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. ORDER

Accordingly, for the reasons stated, the Court holds the petition in abeyance and **STAYS** this action so that petitioner can exhaust state court remedies as to his federal claims. The stay is conditioned on petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d at 781. Should petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002)

9

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated:  September 28, 2016          s/Gerald E. Rosen_____
                                    United States District Judge


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2016, by electronic and/or ordinary mail.

                    s/Julie Owens_____
                    Case Manager, (313) 234-5135